THE ATTORNEY GENERAL
OF TEXAS



PRICE DANIEL
~~Grover Sellers~~
//////////////

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. C-5776
Re: Liability for occupation
taxes of taxpayer which
pursues its occupation
during but a portion of the
ensuing tax period.

Your letter of December 15, 1943, reads as follows:

"Articles 7059 and 7070, R.C.S., 1925, provide
for the payment of a quarterly gross receipts tax, and
also provide that parties or concerns which make
quarterly on the first day of January, April, July, and
October, a report to the Comptroller, showing gross amount
received from all business within this State during the
preceding quarter. It also provides that at the time of
making said report, the party or concern shall pay a tax
to the State Treasurer at the rates set out in said laws
for the quarter beginning on said date.

"Postal Telegraph-Cable Company operated for
seven days in the quarter beginning October 1, 1943,
and they submitted their check in payment of the tax on
their receipts based on 7/92nds of the previous quarter
and they contended that this was in full payment of their
tax for the quarter beginning October 1, 1943.

"The Postal Telegraph-Cable Company merged
with the Western Union Telegraph Company midnight
October 7, 1943.  Please tell me if this concern was liable
for the gross receipts tax under the above two articles
for the full quarter beginning October 1, 1943, based on
their receipts ending September 30, 1943, or was their
payment correct in the amount they submitted for 7/92nds
of the quarter?"

The occupation tax upon telegraph companies is levied
by Article 7059 in the following terms:

"Each individual, company, corporation, or association owning, operating, controlling, or managing any telegraph lines in this State, or owning, operating, controlling, or managing what is known as wireless telegraph stations, for the transmission of messages or aerograms and charging for the transmission of such messages or aerograms, shall make quarterly, on the first days of January, April, July, and October of each year, a report to the Comptroller under oath of the individual, or of the president, treasurer, or superintendent of such companies corporation, or associations, showing the gross amount received from all business within this State during the preceding quarter, in the payment of telegraphic or aerographic charges, including the amount received on full rate messages and aerograms and half rate messages and aerograms, and from the lease or use of any wires or equipment within the State during said quarter, excepting all business transacted for an on behalf of the agencies of the United States Government for which rates are prescribed by the Postmaster General. Said individuals, companies, corporations, and associations, at the time of making said report, shall pay to the Treasurer of this State an occupation tax for the quarter beginning on said date euqal to two and three-quarters (2-3/4) per cent of said gross receipts, as shown by said report."

Article 7070 prescribes the occupation tax upon telephone companies as follows:

"(1) Each individual, company, corporation, or association owning, operating, managing, or controlling any telephone line or lines, or any telephones within this State and charging for the use of same, shall make quarterly, on the first day of January, April, July, and October of each year, a report to the Comptroller, under oath of the individual, or of the president, treasurer, or superintendent of such company, corporation, or association, showing the gross amount received from all business within this State during the preceding quarter in the payment of charges for th  use of its line or lines, telephone and telephones, and from the lease or use of any wires or equipment within this State during said quarter. Said individuals, companies, corporations, and associations, at the time of making said report, shall pay to the State Treasurer, and there is hereby levied upon said individuals, companies, corporations, and associations, an occupation tax for the quarter beginning on said date, equal to one and one-half (1-1/2) per cent of the gross receipts, as shown by said report, received from doing business outside of incorporated cities and towns and within incorporated

cities and towns of less than two thousand, five hundred (2,500) inhabitants, according to the last preceding Federal Census; an occupation tax for the quarter beginning on said date, equal to one and three-fourths (1-3/4) per cent of said gross receipts, as shown by said report, received from doing business within incorporated cities and towns of more than two thousand, five hundred (2,500) inhabitants, and not more than ten thousand (10,000) inhabitants according to the last preceding Federal Census; an occupation tax for the quarter beginning on said date, equal to two and two hundred seventy-five thousandths (2.275) per cent of said gross receipts, as shown by said report, received from doing business within incorporated cities and towns of more than ten thousand (10,000) inhabitants, according to the last preceding Federal Census."

Under each of these statutes the tax report must be submitted and the tax becomes payable upon the first day of each quarter, although under Articles 7074 and 7075 no penalty accrues from a failure to submit the report or to make the payment during the first thirty days of each quarter. Liability for the tax is fixed upon the first day of the quarter, and even though the report is submitted and the tax paid at a subsequent time, both the report and the tax are to be submitted as of the first day of the quarter.

Consequently, on the first day of October the Postal Telegraph-Cable Company became liable for the full amounts of the taxes under the above quoted statutes, and, upon payment of these amounts, was entitled to pursue its occupation during the succeeding quarter. That the Company did not choose to operate during this entire period is, we feel, immaterial. The statutes contain no provision for prorating the liability according to the amount of time during which the taxpayer operates; on the contrary, by imposing liability in advance, they negative the idea of such proration.

In considering this question we have disregarded as immaterial the fact that the merger between the Postal Telegraph-Cable Company and the Western Union Telegraph Company was accomplished under the authority -- and perhaps under the compulsion -- of the statutes and administrative orders of the federal government.

In answer to your inquiry, you are respectfully advised that the taxpayer was liable on October 1, 1943, for the full amount of an occupation tax based upon its receipts for the quarter ending September 30, 1943.

Trusting that the foregoing satisfactorily answers your inquiries, we are

Very truly yours,

APPROVED JAN 26, 1944
/s/ Grover Sellers

ATTORNEY GENERAL OF TEXAS
By /s/ R. Dean Moorhead